IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLIFTON O. SOLOMON                                                                    PLAINTIFF

v.                                    Civil No. 4:18-cv-04055

SHERIFF JACKIE RUNION, Miller County,
Arkansas; WARDEN JEFFIE WALKER,
Miller County Detention Center ("MCDC");
CAPTAIN GOLDEN ADAMS, MCDC;
SERGEANT ALLEN GRIFFEN, MCDC;
and SERGEANT HANNING, MCDC                                                  DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Clifton O. Solomon pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I. BACKGROUND

Plaintiff filed his initial Complaint on April 24, 2018.[1] (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted the same day. (ECF No. 3). On April 26, 2018, the Court directed Plaintiff to file an Amended Complaint to clarify his claims including alleged conditions of confinement. (ECF No. 7). On May 11, 2018, Plaintiff filed his Amended Complaint. (ECF No. 8).

Plaintiff is currently incarcerated in the Miller County Detention Center ("MCDC") awaiting trial on pending criminal charges. (ECF No. 8, p. 3). Plaintiff is asserting claims related

---

[1] In his initial Complaint, Plaintiff attempted to assert claims on behalf of himself and eighteen other inmates. The Court severed the eighteen other plaintiffs from the case and directed the Clerk to open new cases for each plaintiff. (ECF No. 3).

to the conditions of the jail, as well as failure to respond to his grievances. Specifically, Plaintiff alleges that he personally sent a maintenance request to Warden Walker, Captain Adams and Lieutenant Miller.[2] (ECF No. 8, p. 4). Plaintiff further alleges that Sergeant Griffie intercepted his request and told Plaintiff that if he did not like the conditions of the jail, he could "bond out." (*Id.*) In his Amended Complaint, Plaintiff states he is suing Defendants only in their official capacity.[3] (*Id.*) Plaintiff is seeking compensatory and punitive damages. Plaintiff also states in his claim for relief a request for "hot food and fix all Reported things Black mold is not good for us." (ECF No. 8, p. 7).

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se*

---

[2] Defendant Griffie is incorrectly identified on the docket as "Griffen."

[3] In his initial Complaint, Plaintiff sued Defendants in both their individual and official capacities. The Order directing an Amended Complaint instructed the Plaintiff in part: "A First Amended Complaint supersedes, or takes the place of, the original Complaint. After amendment, the Court will treat the original Complaint as nonexistent. Any cause of action that was raised in the original Complaint is waived if it is not raised in the First Amended Complaint." (ECF No. 7, p.2).

Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

According to Plaintiff's Amended Complaint, Defendant Runion is the Sheriff of Miller County, Defendant Walker is the Warden at the MCDC, and Defendants Adams, Griffie and Hanning are employed as officers at the MCDC. As previously stated, Plaintiff sues these Defendants solely in their official capacity.

Section 1983 provides a federal cause of action for the deprivation, under color of state law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant acted under color of state law and they violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). With respect to official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against Miller County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Miller County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official

3

custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Here, Plaintiff has not identified any policy, custom or practice of Miller County that was the moving force behind his allegations in the Amended Complaint regarding the jail's conditions or grievances.[4] Accordingly, Plaintiff has failed to state a claim against any Defendant in their official capacity.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against all Defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED**, this 18th day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[4] The Court notes that inmates do not have a constitutionally protected right to a grievance procedure and a prison official's failure to respond to or process an inmate's grievances, without more, is not actionable under § 1983. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)).